[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff seeks both a temporary and a permanent injunction together with a declaratory judgment in her labor dispute with defendant. We are here only on an order to show cause in regard to the temporary injunction. Defendant moves to dismiss for lack of subject matter jurisdiction.
The statute controlling such injunctions is C.G.S. § 31-115
which, in pertinent part is as follows:
 Sec. 31-115. Hearings. Temporary order. No court shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute except after hearing the testimony of witnesses in open court, with opportunity for cross-examination, in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after a finding of facts by the court, to the effect: (a) That unlawful acts have been threatened and will be committed by a person or persons unless such person or persons are restrained therefrom, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act except against the person or persons, association or organization making the threat or committing the unlawful act of persons, association or organization making the threat or committing the unlawful act of actually authorizing or ratifying the same after actual knowledge thereof; (b) that substantial and irreparable injury to the CT Page 9038 complainant or his property will follow; (c) that as to each item of relief granted greater injury would be inflicted upon the complainant by the denial or relief than would be inflicted upon the defendants by the granting of relief; (d) that the complainant has no adequate remedy at law; and (e) that the public officers charged with the duty to protect the complainant's property are unable or unwilling to furnish adequate protection.
That statute requires, inter alia, that the complaint be "made under oath." It was not.[1]
The plaintiff has not alleged facts under the c) and d) requirements. The e) requirement is not here relevant.
The statute specifically provides that "[n]o court shall have jurisdiction to issue a temporary or permanent injunction in any case involving a labor dispute except after hearing" such testimony. No "testimony of witnesses in open court" was had.
The motion to dismiss is granted as to the request for a temporary injunction and as to the request for a permanent injunction.
The court makes no ruling in regard to the declaratory judgment.
N. O'Neill, J.